No. 3245

Second Circuit

---

BOCK v. SUCCESSION OF TIERNEY

---

(May 22, 1928.  Opinion and Decree.)
(June 28, 1928.  Rehearing Refused.)

---

(Syllabus by the Court)

1. Louisiana Digest—Evidence—Par. 89, 148, 338, 340.

Parol evidence is incompetent and inadmissible to prove any debt or liability upon the part of a person deceased, where suit is brought upon the as-

serted indebtedness or liability within twelve months after the death of such person, unless it consists of the testimony of at least one credible witness of good moral character, besides the plaintiff, or unless it be corroborated by a written acknowledgment or promise to pay signed by the debtor.

Act No. 11 of 1926.

Appeal from the Fourth Judicial District Court, Parish of Ouachita. Hon. J. T. Shell, Judge.

Action by M. F. Bock against Succession of Thomas M. Tierney.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

O. A. Easterling, of Monroe, attorney for plaintiff, appellant.

Newton and Newton, of Monroe, attorneys for defendant, appellee.

## STATEMENT OF THE CASE.

REYNOLDS, J. This is an opposition to homologation of the account of Mrs. Jennie Hinderhâm Tierney as administratrix of the Succession of Thomas M. Tierney, deceased.

Opponent seeks to be put down on the account as a creditor of the deceased in the sum of $546.55 with legal interest thereon from May 31, 1927. The claim is for a balance of wages alleged to be due him by deceased for services alleged to have been rendered by him as bookkeeper for the deceased.

On trial opponent's claim was disallowed and he has appealed.

## OPINION

The only direct evidence offered by opponent in support of his claim was his own testimony, but Act No. 11 of 1926 requiring the testimony of at least one credible witness of good character besides the plaintiff to prove an asserted indebtedness against the succession of a deceased plaintiff's own testimony alone was insufficient to establish the liability claimed. Plaintiff also introduced in evidence the testimony of Abie Marks, D. D. Coulter and T. L. Cox and a page from an account book kept by himself as bookkeeper for the deceased showing debits in plaintiff's favor against the deceased on account of wages.

The witnesses Marks, Coulter and Cox knew nothing of any wages being due plaintiff by deceased and did not testify that anything was due plaintiff by deceased. They only knew and testified that plaintiff was employed by the deceased. Their testimony, therefore, was not corroborative of that of plaintiff on the vital point in the case. Nor is the account book in question corroborative of his testimony. It was written and kept by plaintiff and is nothing more than a statement written by him of what he testified to orally.

The evidence introduced by plaintiff in support of his claim was insufficient under Act No. 11 of 1926 to make out his case. This was evidently the conclusion of the District Judge as it is ours.

Finding no error in the judgment appealed from it is affirmed.